IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| ANGELA WILLIAMS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL No. 5:10-CV-136 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## ORDER

**THIS MATTER** is before the Court on the Defendant Commissioner's motion pursuant to sentence four of 42 U.S.C.§405(g), to enter a judgment reversing the defendant Commissioner's decision with a remand of the cause to the defendant Commissioner for further administrative proceedings and a new decision (Document #10) filed January 26, 2011. Upon remand, the Appeals Council will instruct the Administrative Law Judge ("ALJ") to re-evaluate the opinion evidence regarding Plaintiff's mental functioning and obtain medical expert testimony as to the nature and severity of Plaintiff's mental impairments. In addition to reevaluating Plaintiff's claim for Supplemental Security Income based on disability, the ALJ also will render a decision on Plaintiff's concurrent application for child's disability benefits under Title II of the Social Security Act.

Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), and in light of the Commissioner's assented to request to remand this action for further proceedings, **this Court hereby**:

**REVERSES** the Commissioner's decision under sentence four of 42 U.S.C. § 405(g)

1

with a remand of the cause to the Commissioner for further proceedings. *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991). The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorneys fees, including any motion for such fees under the Equal Access to Justice Act ("EAJA"). The plaintiff shall have thirty (30) days from final judgment in which to file any motion for attorney's fees under EAJA in this matter.

Signed: January 26, 2011

Richard L. Voorhees
United States District Judge